IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JOHN M. HUMMASTI,                          06-CV-1710-BR

        Plaintiff,

                                OPINION AND ORDER

v.

ASAD ABDIRIZAK ALI; EMAL
WAHAB; RANDY BLAZAK;
K. MCGHEE, PSU Financial Aid
Director; OFFICER PAHLKE;
OFFICER MICHAELSON; OFFICER
K. GOODNER; OFFICER RAY;
OFFICER WESSON; QURAN
FOUNDATION; ISLAMIC CENTER OF
PORTLAND; BILAL MASJID;
MASJID AL SABR; MUSLIM
COMMUNITY CENTER OF PORTLAND;
AL HARAMAIN ISLAMIC
FOUNDATION,

        Defendants.


JOHN HUMMASTI
c/o Michelle Mischlinge
P.O. Box 1223
Portland, Or 97207
5(03) 241-3051

        Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**ERIC D. WILSON**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301-4096
(503) 378-6313

        Attorneys for Defendants


**BROWN, Judge.**

     This matter comes before the Court on Plaintiff's Motion to

Compel (#26) and Plaintiff's Motion for Arrest Warrants and

Seizure (#28).  For the reasons that follow, the Court **DENIES**

Plaintiff's Motions.


## MOTION TO COMPEL

     Plaintiff moves the Court for an order compelling Multnomah

County, which is not a defendant in this matter, to provide

addresses for Defendants Assad A. Ali and Emal Wahab to the

United States Marshal's Office so Ali and Wahab can be served

with the Summons and Complaint in this matter.  The Court,

however, does not have the authority to compel a nonparty to

produce information through a Motion to Compel.  *See, e.g.,*

*Elliott Assoc., L.P. v. Rep. of Peru*, 176 F.R.D. 93 (S.D.N.Y.

1997)("absent other circumstances, an attorney cannot be

compelled to reveal a client's identity where the latter is not a

party to a pending litigation.").  *See also* Fed. R. Civ. P.

2 - OPINION AND ORDER

4(c)(1)("The plaintiff is responsible for service of a summons and complaint within the time allowed.").

In addition, it is questionable whether Multnomah County could be compelled to produce the addresses Ali and Wahab because "public body employee . . . addresses" are exempt from disclosure under Oregon's public-records law and Oregon's Evidence Code provides public officers "shall not be examined as to public records determined to be exempt from disclosure." *See* Or. Rev. Stat. §S 192.502(3), 40.270.

Accordingly, the Court denies Plaintiff's Motion to Compel.


## MOTION FOR ARREST WARRANTS AND SEIZURE

Plaintiff moves for an order issuing warrants to arrest Ali and Wahab and for an order "commanding" the United States Marshal's Service to seize an automobile in the possession of Ali on the grounds that Ali and Wahab "committed criminal violations of 18 U.S.C. 1961-1096" and violated 18 U.S.C. §§ 1512 and 1513.

To the extent Plaintiff is requesting the Court to open a criminal investigation into his alleged RICO and witness-tampering claims, the Court does not have the authority to prosecute or to require the United States Attorney's Office to prosecute alleged crimes. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979)(the decision whether to prosecute and to determine what criminal charges to bring generally rests in the

3 - OPINION AND ORDER

discretion of the prosecutor rather than the court).

Accordingly, the Court denies Plaintiffs' Motion for Arrest Warrants and Seizure.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion to Compel (#26) and Plaintiff's Motion for Arrest Warrants and Seizure (#28).

IT IS SO ORDERED.

DATED this 11th day of April, 2007.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

4 - OPINION AND ORDER