IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN M. HUMMASTI,                        06-CV-1710-BR

        Plaintiff,

                             ORDER

v.

ASAD ABDIRIZAK ALI; EMAL
WAHAB; RANDY BLAZAK;
K. MCGHEE, PSU Financial Aid
Director; OFFICER PAHLKE;
OFFICER MICHAELSON; OFFICER
K. GOODNER; OFFICER RAY;
OFFICER WESSON; QURAN
FOUNDATION; ISLAMIC CENTER OF
PORTLAND; BILAL MASJID;
MASJID AL SABR; MUSLIM
COMMUNITY CENTER OF PORTLAND;
AL HARAMAIN ISLAMIC
FOUNDATION,

        Defendants.

**JOHN HUMMASTI**
c/o Michelle Mischlinge[1]
P.O. Box 1223
Portland, Or 97207
5(03) 241-3051

       Plaintiff, *Pro Se*

**HARDY MYERS**
Attorney General
**KATHARINE VON TER STEGGE**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301-4096
(503) 378-6313

       Attorneys for Defendants Randy Blazak and Kenneth
       McGhee

**AGNES SOWLE**
Multnomah County Attorney
**CARLO CALANDRIELLO**
Assistant Multnomah County Attorney
501 S.E. Hawthorne Boulevard
Suite 500
Portland, OR  97214

       Attorneys for Defendant Emal Wahab

**LINDA MENG**
City Attorney
**JAMES G. RICE**
Assistant City Attorney
1221 S.W. Fourth Avenue
Room 430
Portland, OR 97204
(503) 823-4047

       Attorneys for Defendants Officer Pahlke, Officer

---

[1] On April 30, 2007, Plaintiff informed the Court by email that he had changed his name to Michelle Mischlinge. Nevertheless, Plaintiff continues to list his address on pleadings "c/o Michelle Michlinge".  The Court, therefore, will continue to use the "c/o Michelle Michlinge" designation unless notified otherwise.

2 - ORDER

Michaelson, Officer K. Gooner, Officer Ray, and Officer Wesson

**KRISTEN L. WINEMILLER**
121 S.W. Salmon St.
1420 World Trade Center
Portland, OR 97204
(503) 222-2510

Attorney for Defendants Islamic Center of Portland, Bilal Masjid, Mashid Al Sabr, and Muslim Community Center of Portland

**BROWN, Judge.**

This matter comes before the Court on Defendant Emal Wahab's Motion to Dismiss pursuant to FRCP 12(b)(5)(#43).

For the reasons that follow, the Court **DENIES** Defendant Wahab's Motion.


## BACKGROUND

On November 27, 2006, Plaintiff filed a Complaint in which he alleges Defendants (1) "intimidated, harassed and threatened Plaintiff and Plaintiff's ex-spouse"; (2) attempted to "extort money and foods from Plaintiff and Plaintiff's ex-spouse and to sell Plaintiff or Plaintiff's ex-spouse a false Health Department License at a reduced cost; (3) conspired to deprive Plaintiff of "the Civil Rights to Free Speech, Freedom of Religion, Political Protest, Equal Protection of the Law and Due Process of Law"; (4) "harassed, intimidated and falsely accused Plaintiff to unlawfully prevent Plaintiff from operating [his] business . . .

3 - ORDER

and to prevent Plaintiff from collecting charity"; (5) denied Plaintiff "academic financial aid standing [at Portland State University]"; (6) made a "false report to the Portland Police causing Plaintiff to be arrested, incarcerated, denied freedom of speech and free exercise of religion and unlawfully and falsely charged with various misdemeanor offenses"; (7) "intentionally destroyed or concealed evidence of a hate crime in a scheme to obstruct justice and deprive Plaintiff of Civil Rights . . . in ongoing investigations relevant to international terrorism as related to PSU's Muslim Student Body"; and (8) unreasonably twisted Plaintiff's arms and handcuffed his wrists behind his back during his arrest."

On March 7, 2007, Plaintiff moved for an order compelling Multnomah County to provide Wahab's address to the United States Marshal's Service for service of Summons and Complaint in this matter.  In his Motion, Plaintiff noted Wahab had worked for the Multnomah County Health Department until September 2006, that Wahab was no longer employed by the Health Department, and that Plaintiff was unable to determine an address for Wahab.

On April 11, 2007, the Court issued an Opinion and Order denying Plaintiff's Motion to Compel on the ground that Multnomah County is not a party to this action and the Court does not have the authority to compel a nonparty to produce information through a Motion to Compel. *See, e.g., Elliott Assoc., L.P. v. Rep. of Peru*, 176 F.R.D. 93 (S.D.N.Y. 1997)("absent other circumstances,

4 - ORDER

an attorney cannot be compelled to reveal a client's identity
where the latter is not a party to a pending litigation."). *See
also* Fed. R. Civ. P. 4(c)(1)("The plaintiff is responsible for
service of a summons and complaint within the time allowed.").

On April 30, 2007, the Court received a series of emails
from Plaintiff in which he reiterated Wahab is not an employee of
Multnomah County but requesting the Court to reconsider its
April 11, 2007, Opinion and Order denying his Motion to Compel.
The Court informed Plaintiff that he would have to file a motion
with the Court rather than to request reconsideration of the
Court's decision through email.

On May 8, 2007, the Court entered an Order in which it
advised Plaintiff that the Summons and Complaint must be served
on a defendant within 120 days after the filing of the Complaint
pursuant to Federal Rule of Civil Procedure 4(m).  Among other
things, the Court informed Plaintiff that it would dismiss
Defendant Wahab if Plaintiff had not served him by May 31, 2007.

On June 12, 2007, Multnomah County Counsel filed on behalf
of Wahab a Motion to Dismiss pursuant to Rule 12(b)(5) on the
ground that Plaintiff had not served Wahab properly within 120
days from the commencement of this action or by May 31, 2007, as
ordered by the Court.

## **DISCUSSION**

Federal Rule of Civil Procedure 12(b)(5) provides for

5 - ORDER

dismissal based on insufficient service of process.  Defendant

Wahab moves to dismiss Plaintiff's claims against him on the

ground that Plaintiff did not serve him properly under Federal

Rule of Civil Procedure 4.

Rule 4(m) provides:

> If service of the summons and complaint is not
> made upon a defendant within 120 days after the
> filing of the complaint, the court . . . shall
> dismiss the action without prejudice as to that
> defendant . . .; provided that if the plaintiff
> shows good cause for the failure, the court shall
> extend the time for service for an appropriate
> period.

This Court does not have jurisdiction over a defendant unless he

has been properly served pursuant to Rule 4.  *See Jackson v.*

*Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982).

Rule 4(e)(1) and (2) provide individuals within the Judicial

District of the United States may be served either "pursuant to

the law of the state in which the district court is located" or

"by delivering a copy of the summons and of the complaint to the

individual personally or by leaving copies thereof at the

individual's dwelling . . . with some person of suitable age

. . . then residing therein or by delivering a copy . . . to an

agent authorized by appointment or by law to receive service of

process."

Although "Rule 4 is a flexible rule that should be liberally

construed so long as a party receives sufficient notice of the

complaint, . . . without substantial compliance with Rule 4

6 - ORDER

neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988).

The record reflects Plaintiff attempted to effect service on Wahab by leaving a copy of the Summons and Complaint with Wahab's aunt at her residence.

**I.   Plaintiff Did Not Properly Serve Wahab under Rule 4(e)(2).**

Plaintiff does not contend he delivered the Complaint to Wahab personally and does not assert Wahab designated his aunt as his agent for service.  In addition, Wahab testifies in his Affidavit that he did not authorize his aunt to accept service on his behalf.

Accordingly, the Court concludes Plaintiff did not serve Wahab properly under Rule 4(e)(2).

**II.  Plaintiff Did Not Properly Serve Wahab under Rule 4(e)(1).**

Rule 4(e)(1) allows service by any method allowed under Oregon law, the state in which this Court is located.  Oregon law allows service on individual defendants by personal service or by substituted service as prescribed in the Oregon Rules of Civil Procedure.  Or. R. Civ. P. 7D(3)(a)(I).

Oregon law allows substituted service to be made in one of three ways:  (1) by delivering a copy of the complaint to the home of the person to be served and leaving it with a resident of the home over 14 years of age provided plaintiff "as soon as

7 - ORDER

reasonably possible" after making service mails a copy of the
summons and complaint to defendant at his home; (2) by leaving a
copy of the complaint and summons at the defendant's office
during normal working hours "with the person who is apparently in
charge" provided plaintiff then mails a copy of the summons and
complaint to defendant's home or office; or (3) by mailing a copy
of the summons and complaint to defendant by first class mail and
by certified, registered, or express mail provided defendant
signs a receipt for the certified, registered, or express mail.
Or. R. Civ. P. 7D(2)(b), (c), (d)(I), and D(3)(a)(I).

As noted, Plaintiff did not deliver a copy of the
Complaint to Wahab's home nor does Plaintiff establish he mailed
a copy of the Summons and Complaint to Wahab at his home after
attempting to make any kind of substituted service.  The Court,
therefore, concludes Plaintiff did not properly serve Wahab in a
manner specifically allowed under Oregon Rule of Civil Procedure
7D(2) or (3).

Oregon Rule of Civil Procedure 7D(1) also allows
service "in any manner reasonably calculated, under all the
circumstances, to apprise the defendant of the existence and
pendency of the action and to afford a reasonable opportunity to
appear and defend."  Here Plaintiff did not serve Wahab
personally, did not serve an agent of Wahab, and did not follow
the attempted home service with service by mail.  Plaintiff,
therefore, did not effect service under any means allowed under

8 - ORDER

Oregon law.  The Court, therefore, finds under the circumstances that the attempted service was not reasonably calculated to apprise Wahab of the existence and pendency of this action. Thus, the Court concludes Plaintiff did not serve Wahab properly under Oregon Rule of Civil Procedure 7D(1).

**III. Service on Wahab**

As noted, Plaintiff has not successfully served Wahab under Oregon Rules of Civil Procedure 7D(2)(b), (c), (d)(I), or D(3)(a)(I).  Under Oregon Rule 7D(6)(a), however, when service "cannot be made by any method otherwise specified," the Court, "at its discretion, may order service by any method or combination of methods which under the circumstances is most reasonably calculated to apprise the defendant of the existence and pendency of the action."

Plaintiff has attempted to serve Wahab at the only address he can locate and has attempted to compel Multnomah County to provide Wahab's address to the United States Marshal.  In addition, although it appears Wahab may no longer be employed by the Multnomah County Health Department, Plaintiff is attempting to pursue claims against Wahab cognizable under 42 U.S.C. § 1983 if Wahab acted "under color of state law" while so employed. Indeed, the Court assumes Multnomah County Counsel is appearing for Wahab for this reason.  Under these circumstances and in light of Plaintiff's many efforts to serve Wahab properly and Plaintiff's *pro se* status, the Court is not inclined to dismiss

9 - ORDER

this action for insufficient service.

Accordingly, in the exercise of its discretion, the Court invites Multnomah County Counsel to decide whether it will accept service on behalf of Wahab or provide Wahab's contact information to the United States Marshal so service on Wahab may be effected and this matter may move forward. Alternatively, the Court is inclined to permit Plaintiff to effect service on Wahab by publication pursuant to Oregon Rule of Civil Procedure 7D(6).


## CONCLUSION

For these reasons, the Court **DENIES** Defendant Emal Wahab's Motion to Dismiss pursuant to FRCP 12(b)(5)(#43).

The Court further directs Multnomah County Counsel as attorney for Defendant Wahab to inform the Court no later than September 7, 2007, whether they will accept service on behalf of Wahab or provide the United States Marshal with contact information for Wahab.

IT IS SO ORDERED.

DATED this 30th day of August, 2007.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge


10 - ORDER