IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN M. HUMMASTI, | 06-CV-1710-BR |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| ASAD ABDIRIZAK ALI; EMAL WAHAB; RANDY BLAZAK; K. MCGHEE, PSU Financial Aid Director; OFFICER PAHLKE; OFFICER MICHAELSON; OFFICER K. GOODNER; OFFICER RAY; OFFICER WESSON; QURAN FOUNDATION; ISLAMIC CENTER OF PORTLAND; BILAL MASJID; MASJID AL SABR; MUSLIM COMMUNITY CENTER OF PORTLAND; AL HARAMAIN ISLAMIC FOUNDATION, | |
| Defendants. | |

**JOHN HUMMASTI**
c/o Michelle Mischlinge
P.O. Box 1223
Portland, Or 97207
5(03) 241-3051

       Plaintiff, *Pro Se*

**HARDY MYERS**
Attorney General
**KATHARINE VON TER STEGGE**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301-4096
(503) 378-6313

       Attorneys for Defendants Randy Blazak and Kenneth McGhee

**AGNES SOWLE**
Multnomah County Attorney
**CARLO CALANDRIELLO**
Assistant Multnomah County Attorney
501 S.E. Hawthorne Boulevard
Suite 500
Portland, OR  97214
(503) 988-3138

       Attorneys for Defendant Emal Wahab

**LINDA MENG**
City Attorney
**JAMES G. RICE**
Assistant City Attorney
1221 S.W. Fourth Avenue
Room 430
Portland, OR 97204
(503) 823-4047

       Attorneys for Defendants Officer Pahlke, Officer Michaelson, Officer K. Gooner, Officer Ray, and Officer Wesson

2 - OPINION AND ORDER

**KRISTEN L. WINEMILLER**
121 S.W. Salmon St.
1420 World Trade Center
Portland, OR 97204
(503) 222-2510

>      Attorney for Defendants Islamic Center of Portland,
>      Bilal Masjid, Mashid Al Sabr, and Muslim Community
>      Center of Portland

**BROWN, Judge.**

On December 6, 2007, Plaintiff filed a Motion for Witness Security Protection (#77) in which he requests the Court for an Order allowing Plaintiff to be examined by the United States Attorney's Office for suitability to enter the Federal Witness Protection Program.

Although the Court could not find a Ninth Circuit case that addresses the question of the Court's authority with respect to the Witness Protection Program, the Eighth Circuit has held whether a witness will be protected under the Witness Protection Program is entirely within the Attorney General's discretion. *Abbott v. Petrovsky*, 717 F.2d 1191, 1193 (8th Cir. 1983). The Fifth Circuit has also noted "[o]ne cannot receive protection simply on demand." *Garcia v. United States*, 666 F.2d 960, 962 (5th Cir. 1982). The Court finds the reasoning of these circuits is persuasive. Moreover, the Court notes the Witness Relocation and Protection Act, 18 U.S.C. § 3521, is couched entirely in terms of the Attorney General having the authority and discretion to decide whether to place an individual in the Witness

3 - OPINION AND ORDER

Protection Program or to remove an individual from the Program. For example, § 3521(a)(1) provides:  "The Attorney General may provide for the relocation and other protection of a witness or a potential witness . . . if the Attorney General determines [certain factors exist]."

The Court, therefore, concludes it does not have the authority either to place Plaintiff in the Witness Protection Program or to direct the Attorney General to consider placing Plaintiff in the Program.

Accordingly, the Court **DENIES** Plaintiff's Motion for Witness Security Protection (#77).

IT IS SO ORDERED.

DATED this 9th day of January, 2008.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

4 - OPINION AND ORDER