IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOHN M. HUMMASTI, | 3:06-CV-01710-BR |
|       Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| ASAD ABDIRIZAK ALI; EMAL WAHAB; RANDY BLAZAK; K. MCGHEE, PSU Financial Aid Director; OFFICER PAHLKE; OFFICER MICHAELSON; OFFICER K. GOODNER; OFFICER RAY; OFFICER WESSON; ISLAMIC CENTER OF PORTLAND; BILAL MASJID; MASJID AL SABR; MUSLIM COMMUNITY CENTER OF PORTLAND; AL HARAMAIN ISLAMIC FOUNDATION; and QURAN FOUNDATION, | |
|       Defendants. | |

JOHN HUMMASTI
3135 S.E. 147th Avenue
Portland, OR 97236

      Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**ELLEN ROSENBLUM**
Attorney General
**JUSTIN E. KIDD**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096
(503) 378-6313

       Attorneys for Defendants Randy Blazak and Kenneth McGhee

**JENNY MORF**
Multnomah County Attorney
**CARLO CALANDRIELLO**
Assistant Multnomah County Attorney
501 S.E. Hawthorne Boulevard
Suite 500
Portland, OR 97214

       Attorneys for Defendant Emal Wahab

**JAMES H. VAN DYKE**
City Attorney
**JAMES G. RICE**
Assistant City Attorney
1221 S.W. Fourth Avenue
Room 430
Portland, OR 97204
(503) 823-4047

       Attorneys for Defendants Officer Pahlke, Officer Michaelson, Officer K. Goodner, Officer Ray, and Officer Wesson (hereinafter referred to as Defendant Officers)

**KRISTEN L. WINEMILLER**
121 S.W. Salmon St.
1420 World Trade Center
Portland, OR 97204
(503) 222-2510

       Attorney for Defendants Islamic Center of Portland, Bilal Masjid, Masjid Al Sabr, and Muslim Community Center of Portland

2 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's filing (#174) titled "In the Matter of the Suspension of Milo Petranovich by the Oregon State Bar and the Resignation of Milo Petranovich and in and for the State Bar of California."

For the reasons that follow, the Court **DECLINES** to issue an order to show cause on the ground that it lacks jurisdiction to do so and **DENIES** Plaintiff's request for appointment of counsel.

## BACKGROUND

On November 27, 2006, Plaintiff filed a Complaint in which he alleged (1) Defendants engaged in a conspiracy to close Plaintiff's business and to prevent Plaintiff from "collecting charity for the Jewish Community in Portland" in violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68, *et seq.*; (2) Defendants Asad Abdirizak Ali, Bilal Masjid, Masjid Al Sabr, and Muslim Community Center of Portland conspired to deprive Plaintiff of the right to exercise free speech on public campuses and institutions within the United States; (3) Defendant McGhee denied Plaintiff financial aid at Portland State University (PSU) in violation of his rights under the Equal Protection Clause of the United States Constitution; (4) Defendant Ali "conspired to, alleged and made a false report to Portland Police Officers so as to deprive Plaintiff of Free

3 - OPINION AND ORDER

Speech in violation of 42 U.S.C. §§ 1981, 1983, and 1985";

(5) Defendant Randy Blazak "conspired to deprive Plaintiff of the right to Due Process of Law" when he "intentionally destroyed or concealed evidence of a hate crime"; (6) Defendant Officers violated Plaintiff's rights to "Free Speech, Religion, Equal Protection of Law in violation of the First, Fourth, Fifth, and Fourteenth Amendments and 42 U.S.C. 1981 and 1985"; and (7) Defendant Officers unreasonably handcuffed Plaintiff.

On June 18, 2007, the Court entered an Order directing Plaintiff to show cause in writing why this action should not be dismissed as to Defendants Al Haramain Islamic Foundation, Quran Foundation, and Asad Abdirizak Ali for failure to prosecute.

On October 4, 2007, the Court entered an Order noting Plaintiff had not provided any substantive reason as to why he failed to serve and to prosecute Defendants Al Haramain Islamic Foundation, Quran Foundation, and Asad Abdirizak Ali. The Court, therefore, dismissed Plaintiff's action against these Defendants without prejudice.

In May and June 2008 the remaining Defendants filed Motions for Summary Judgment,[1] and Plaintiff filed a Cross-Motion for Partial Summary Judgment. On October 29, 2008, Plaintiff filed

---

[1] On May 7, 2008, the Court issued a Summary Judgment Advice Notice to Plaintiff advising him that if he did not submit evidence in opposition to any motion for summary judgment, summary judgment would be entered against him if it was appropriate.

4 - OPINION AND ORDER

an Ex Parte Submission as to the Motion for Summary Judgment of Defendants Blazak and McGhee.  Plaintiff, however, did not respond to the Motions of the other Defendants.

On March 23, 2009, the Court granted Defendants' Motions for Summary Judgment and denied Plaintiff's Motion for Summary Judgment on the grounds that (1) there was not any evidence from which a reasonable juror could find Emil Wahab attempted to extort money or food from Plaintiff either alone or in concert with other Defendants; (2) Plaintiff did not serve a Summons and Complaint on Islamic Center of Portland and Bilal Masjid within 120 days of November 27, 2006, which is the date that Plaintiff filed his Complaint; (3) there was not any evidence that Masjid Al Sabr and Muslim Community Center of Portland engaged in a conspiracy to close Plaintiff's business or to prevent Plaintiff from collecting charity for the Jewish community in Portland; (4) Plaintiff did not allege facts sufficient to establish there was an alleged conspiracy between Defendant Officers based on a racial or class-based animus within the meaning of § 1985(3); (5) Plaintiff did not allege or produce any evidence that Defendant Officers impaired his ability to make, to enforce, or to enjoy the benefit of any contract or that they did so on the basis of Plaintiff's race in violation of § 1981; (6) Plaintiff did not produce any evidence, direct or circumstantial, that Defendant Officers expressed opposition to Plaintiff's speech or

5 - OPINION AND ORDER

that the reasons they offered for arresting Plaintiff were false or pretextual in violation of Plaintiff's rights under the First Amendment; (7) Defendant Officers had reasonable suspicion and probable cause to detain and to arrest Plaintiff; (8) Plaintiff failed to provide any significant probative evidence to support his excessive-force claim based on painful handcuffing; (9) Plaintiff did not show any genuine issue of material fact exists as to whether Blazak, McGhee, and other Defendants in this matter were part of an associated-in-fact enterprise in violation of RICO; (10) Plaintiff did not show any genuine issue of material fact exists as to whether Blazak was acting under color of state law within the meaning of § 1983; and (11) Plaintiff was precluded by a settlement agreement with PSU from bringing his claim against McGhee.

Also on March 23, 2009, the Court entered a Judgment in this matter dismissing Plaintiff's claims against Defendants Blazak, McGhee, Ray, Wesson, Pahlke, Michaelson, Goodner, Wahab, Masjid Al Sabr, and the Muslim Community Center of Portland with prejudice and dismissing Plaintiff's claims against Defendants Islamic Center of Portland and Bilal Masjid without prejudice.

On April 1, 2009, Defendants Islamic Center of Portland, Bilal Masjid, Masjid Al Sabr, and Muslim Community Center of Portland filed a Motion for Sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11(b)(2) and (3) for an order

6 - OPINION AND ORDER

enjoining Plaintiff "from filing any civil lawsuit or claim against any defendant to this action, or any other defendant, without obtaining the Court's permission to file such action."

On June 11, 2009, the Court entered an Order denying Defendants' Motion for Sanctions.

On November 4, 2010, Plaintiff filed a Motion for Relief from Judgment. On November 19, 2010, the Court entered an Order denying Plaintiff's Motion for Relief from Judgment as untimely.

On November 30, 2010, Plaintiff appealed the Court's November 19, 2010, Order to the Ninth Circuit Court of Appeals.

On March 4, 2011, the Ninth Circuit affirmed the Court's November 19, 2010, Order.

On August 8, 2012, Plaintiff filed a Motion for Protective Order for Safe Passage and a Motion for Witness Security. On August 20, 2012, the Court issued an Order denying Plaintiff's Motions and cautioning Plaintiff that "any further frivolous filings in this action may result in a declaration that Plaintiff is a vexatious litigant and entry of a pre-filing order restricting Plaintiff's ability to submit motions or other pleadings in this action."

On April 8, 2013, Plaintiff filed a document titled "In the Matter of the Suspension of Milo Petranovich by the Oregon State Bar and the Resignation of Milo Petranovich and in and for the State Bar of California" in which he seeks an order to show cause

7 - OPINION AND ORDER

"why disciplinary action including suspension, disbarment, or other appropriate disciplinary action, should not be taken against the attorney including monetary sanctions in the amount of $150,000." Specifically, Plaintiff seeks an order directing the Oregon Supreme Court to disbar his former attorney, Milo Petranovich. Plaintiff also requests the Court to appoint counsel in this matter.

## DISCUSSION

Oregon Revised Statute § 9.527 provides the Oregon Supreme Court "may disbar, suspend or reprimand a member of the bar." The Supreme Court has made clear that "the interest of the States in regulating lawyers is especially great since lawyers are essential to the primary governmental function of administering justice, and have historically been officers of the courts." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, n.16 (1983)(quotation omitted). Accordingly, "orders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court." *Id.* (quotation omitted).

This Court, therefore, lacks jurisdiction to discipline or to disbar an attorney or to direct the Oregon Supreme Court to do

8 - OPINION AND ORDER

so. Accordingly, the Court declines to issue an order to show cause "why disciplinary action including suspension, disbarment, or other appropriate disciplinary action, should not be taken against the attorney including monetary sanctions in the amount of $150,000" or an order directing the Oregon Supreme Court to disbar Mile Petranovich.

As noted, Plaintiff requests appointment of counsel and continues to file documents in this action. The Court, however, entered a Judgment in March 2009, and, this matter, therefore, is closed. Accordingly, the Court declines to appoint counsel for Plaintiff.

Finally, the Court again cautions Plaintiff that if he continues to file frivolous documents, the Court will enter an order declaring Plaintiff to be a vexatious litigant and restricting Plaintiff's ability to submit motions or other pleadings.

## CONCLUSION

For these reasons, the Court **DECLINES** to issue an order to show cause "why disciplinary action including suspension, disbarment, or other appropriate disciplinary action, should not be taken against the attorney including monetary sanctions in the amount of $150,000" or an order directing the Oregon Supreme Court to disbar Milo Petranovich per Plaintiff's request (#174).

9 - OPINION AND ORDER

The Court also **DENIES** Plaintiff's request for appointment of counsel.

IT IS SO ORDERED.

DATED this 18th day of April, 2013.

*/s/ Anna J. Brown*
ANNA J. BROWN
United States District Judge

10 - OPINION AND ORDER